ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ADA INÉS CARMONA RIVERA<br><br>Recurrente<br><br>v.<br><br>JUNTA DE DIRECTORES Y CONSEJO DE TITULARES DEL COND. LA ARBOLEDA, REP POR SU PRES.<br><br>Recurridos | TA2026RA00190 | *Revisión Administrativa* procedente del Departamento de Asunto del Consumidor<br><br>Núm. Caso: C-SAN-2025-0020492<br><br>Sobre: Ley de Condominios de Puerto Rico, Ley Núm. 129 de 16 de agosto de 2020, según enmendada |

Panel integrado por su presidente, el Juez Cruz Hiraldo, el Juez Campos Pérez[1] y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Compareció la recurrente, Sra. Ada Inés Carmona Rivera (en adelante, "señora Carmona Rivera" o "recurrente"), mediante un *Recurso de Revisión* presentado el 16 de abril de 2026. Nos solicitó la revocación de la *Resolución Sumaria* emitida por el Departamento de Asuntos del Consumidor (en adelante, "DACo") el 9 de febrero de 2026.[2] Mediante dicho dictamen, DACo declaró no ha lugar la *Querella* que presentó la señora Carmona Rivera, por resultar académica.

Por los fundamentos que expondremos a continuación, se **confirma** la determinación de la agencia administrativa.

**-I-**

---

[1] Mediante Orden Administrativa OATA-2026-063 emitida el 2 de junio de 2026, se designó al Hon. José I. Campos Pérez en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.
[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 2.

El 30 de octubre de 2024, la señora Carmona Rivera presentó una *Querella*, por derecho propio, contra el Consejo de Titulares del Condominio La Arboleda (en adelante, "Consejo de Titulares") y su Junta de Directores (en adelante, "Junta" o "recurridos"), en la que cuestionó las actuaciones que llevó a cabo la Junta de Directores durante el término de 2024-2025.[3]

Expuso que el 30 de septiembre de 2024, la Junta reconfiguró la composición de sus miembros, al intercambiar las posiciones de presidente, tesorera y vocal, contrario a lo que establece la Ley Núm. 129-2020, conocida como la Ley de Condominios, según enmendada, 31 LPRA sec. 1921 *et seq.*, y el Reglamento de Administración y Co-Propiedad del Condominio La Arboleda.[4] Señaló, además, que dichos cambios los ejecutó la Junta mediante una votación entre sus miembros, sin consultar, ni convocar al Consejo de Titulares del Condominio La Arboleda a una Asamblea Extraordinaria.[5]

Ante lo anterior, solicitó que se ordenara la celebración de una Asamblea Extraordinaria a los fines de:

> [...] impugnar y revocar las actuaciones de la Junta de Directores, convocando al Consejo de Titulares con el propósito de nominar y mediante una nueva votación, elegir una Junta de Directores que muestre HONESTIDAD ANTE LOS TITULARES Y RESPONSABILIDAD CON EL COMPROMISO DE LAS FUNCIONES Y LOS DEBERES DE LOS CARGOS QUE ACEPTAN AL SER ELECTOS.[6]

Después de varios trámites procesales, el 30 de mayo de 2025, los recurridos presentaron su *Contestación a Querella y Solicitud de Desestimación por Academicidad.*[7] En esencia, negaron la mayoría de las alegaciones en su contra y levantaron como defensas afirmativas que la acción era improcedente en derecho y en equidad. Sostuvieron que, conforme al Artículo 53 de la Ley de Condominios,

---

[3] SUMAC-TPI, entrada núm. 1.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*, entrada núm. 4.

31 LPRA sec. 1922y, es deber ministerial de la Junta llenar las vacantes que surjan. También, explicaron que, a la fecha de la celebración de la vista administrativa, el reclamo incoado por la señora Carmona Rivera sería académico, pues ya se habría escogido una nueva junta durante la Asamblea Ordinaria Anual convocada para el 3 de junio de 2025.[8] Ante lo anterior, solicitaron la desestimación de la *Querella.*

Durante la vista celebrada el 4 de junio de 2025, las partes acordaron que la controversia pendiente ante la agencia administrativa era una de derecho, sobre si la Junta presidida por la señora María R. Irizarry estaba válidamente constituida.[9] Así pues, los representantes legales de las partes acordaron someter sus respectivos memorandos de derecho, para que el reclamo presentado se resolviera de manera sumaria.[10]

Conforme a lo anterior, los recurridos presentaron una *Moción en Solicitud de Desestimación Sumaria al Amparo de la Regla 11 del Reglamento de Procedimiento Adjudicativo.*[11] Mediante su solicitud, reiteraron los planteamientos previamente esbozados en su *Contestación a Querella* [...] y, además, sostuvieron que el reclamo incoado era académico. Ello así, debido a que el Consejo de Titulares escogió una nueva junta durante la Asamblea Ordinaria Anual que celebró el 3 de junio de 2025, sin oposición de la parte recurrente.[12]

Igualmente, la señora Carmona Rivera compareció mediante la presentación de su memorando de derecho, en el que reiteró los mismos argumentos esbozados en su *Querella,* sobre la supuesta ilegalidad de las actuaciones de la Junta.[13]

---

[8] *Id.*
[9] *Id.*, entrada núm. 5.
[10] *Id.*
[11] *Id.*, entrada núm. 6.
[12] *Id.*
[13] *Id.*, entrada núm. 7.

Por no existir controversia sobre los hechos planteados, DACo resolvió la *Querella* de forma sumaria, mediante la cual consignó las siguientes determinaciones de hechos:

1. La querellante, Ada I. Carmona Rivera, es titular del apartamento 1505 del Condominio La Arboleda, en virtud de la escritura núm. 11 sobre compraventa, otorgada el 3 de julio de 2001, en San Juan, Puerto Rico, ante el Notario Pedro Juan Colón Báez.

2. El Condominio La Arboleda se encuentra bajo el régimen de propiedad horizontal.

3. El 2 de abril de 2024, el Consejo de Titulares celebró una asamblea extraordinaria en donde seleccionó a los siguientes titulares como miembros de la Junta de Directores:

   a. Pedro Saldaña, Presidente
   b. Robert (Bob) Bolte, Vicepresidente
   c. María Rosa Irizarry, tesorera
   d. Luisa Alicea, secretaria
   e. Carmen Ortega, vocal

4. El 10 de julio de 2024, el agente administrador del Condominio La Arboleda le notificó a sus titulares la renuncia de [la] secretaria Luisa Alicea y la selección del titular Carlos Martínez como el nuevo secretario de la Junta de Directores.

5. El 24 de julio de 2024, el Consejo de Titulares celebró una asamblea extraordinaria. La parte querellante asistió a la asamblea extraordinaria de referencia y participó de la discusión de los asuntos atendidos en dicha reunión.

6. No surge del acta de la asamblea del 24 de julio de 2024 que la parte querellante haya presentado objeción alguna en cuanto a la ocupación del titular Carlos Martínez como secretario de la Junta de Directores. Tampoco presentó querella alguna ante este foro administrativo para impugnar la tenencia del Sr. Martínez del cargo de secretario.

7. El 30 de septiembre de 2024, la Junta de Directores celebró una reunión en donde reconfiguró los puestos de dicho organismo, quedando compuesta como sigue:

   a. María Rosa Irizarry, presidenta
   b. Robert Bolte, vicepresidente
   c. Pedro Saldaña, tesorero
   d. Carmen Ortega, secretaria
   e. Carlos Martínez, vocal

8. El 1 de octubre de 2024, la Junta de Directores notificó a los titulares del Condominio sobre la reconfiguración y nueva composición de sus directores.

9. El 30 de octubre de 2024, la parte querellante presentó la *querella* de epígrafe para impugnar las actuaciones de la Junta de Directores durante el término de 2024-2025 y ordenar la celebración de una asamblea a los fines de que se seleccione una nueva Junta de Directores.

10. El 10 de enero de 2025 este Departamento notificó la querella de epígrafe a las partes.

11. El 31 de enero de 2025 la parte querellante presentó una solicitud de anotación de rebeldía contra la parte querellada por no haber contestado la querella dentro del término provisto en la notificación de querella.

12. El 24 de marzo de 2025 este Departamento, mediante Orden, declaró No Ha Lugar la solicitud de anotación de rebeldía.

13. El 29 de mayo de 2025, la parte querellante, por conducto de su representante legal, presentó una segunda solicitud de anotación de rebeldía tras transcurrir un término de 139 días desde la notificación inicial de la querella sin que la parte querellada haya presentado su contestación o moción dispositiva alguna.

14. El 30 de mayo de 2025, la parte querellada presentó su contestación a la querella y solicitó la desestimación por academicidad.

15. Este Departamento advino en conocimiento que el 3 de junio de 2025 el Consejo de Titulares celebró su asamblea ordinaria en donde seleccionó a la nueva Junta de Directores y que en dicha reunión la parte querellante participó sin presentar objeción alguna a la elección de la nueva Junta de Directores.

16. El 4 de junio de 2025 este Departamento celebró una vista en donde estipularon hechos y acordaron que la querella ante nuestra consideración puede resolverse sumariamente.[14]

En consideración a lo anterior, DACo resolvió declarar No Ha Lugar la *Querella* presentada por académica y ordenó su cierre y archivo.[15]

Inconforme con lo resuelto, la recurrente presentó una solicitud de reconsideración que no fue atendida por el ente administrativo dentro del término prescrito para ello.

Así pues, dentro del término reglamentario para acudir ante este foro intermedio, la señora Carmona Rivera presentó el recurso de epígrafe, en el que señaló como único error el siguiente:

PRIMER ERROR: El Departamento de Asuntos del Consumidor incurrió en error de derecho y abusó de su discreción al rehusar adjudicar en los méritos una controversia viva sobre la nulidad de actuaciones de una Junta indebidamente constituida, al aplicar incorrectamente la doctrina de academicidad en un contexto donde la nulidad alegada es absoluta y no susceptible de convalidación por eventos posteriores. La controversia planteada ante dicho

---

[14] *Id.*, entrada núm. 2.
[15] *Id.*

foro fue clara y estructural: si la Junta de Directores quedó indebidamente constituida desde julio y septiembre de 2024 en violación al Reglamento del Condominio, y cuáles son las consecuencias jurídicas de esa nulidad, incluyendo la nulidad de las actuaciones adoptadas por un órgano que no estaba válidamente constituido.

Al así proceder, el DACo ignoró que la revisión de tales actuaciones está expresamente garantizada por el Artículo 65 de la Ley de Condominios y permitió que la mera celebración de asambleas subsiguientes operara como un mecanismo para evadir la revisión administrativa y burlar el derecho estatutario de impugnación de los titulares, frustrando con ello el diseño legislativo y privando de efectividad real las garantías sustantivas que la Ley confiere.

**-II-**

## A. Justiciabilidad

El principio de justiciabilidad establece que los tribunales podemos evaluar los méritos de los casos si existe una controversia real y genuina entre las partes. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022). En ese sentido, los tribunales estamos llamados a intervenir solo en casos justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017). Se considera que una controversia no es justiciable cuando:

> (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) *hechos posteriores al comienzo del pleito han tornado la controversia en académica*; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro.
>
> *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021) (énfasis en el original).

Como se observa, la doctrina de academicidad es una de las instancias de las de justiciabilidad. *Íd.* Se considera que un caso es académico cuando se intenta obtener: (i) un fallo sobre una controversia disfrazada, que en realidad no existe, (ii) una determinación de un derecho antes de que éste haya sido reclamado o (iii) una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *Íd.,* pág. 816. Igualmente, una controversia es académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, es decir, la

controversia deja de estar viva y presente. *Díaz Díaz v. Asoc. Res. Quintas San Luis*, 196 DPR 573, 578 (2016).

Ahora bien, existen excepciones a la doctrina de academicidad que permiten la consideración de un caso que de otro modo sería académico, a saber:

> (1) cuando se plantea una *cuestión recurrente* que, por su naturaleza, se hace muy difícil dilucidarla nuevamente en los tribunales; (2) cuando la situación de hechos ha sido cambiada por el demandado pero no tiene visos de permanencia; (3) cuando las controversias aparentemente son académicas, pero que en realidad no lo son por sus *consecuencias colaterales*; y (4) cuando el tribunal ha certificado un pleito de clase y la controversia se tornó académica para un miembro de la clase, mas no para el representante de la misma. (Énfasis en el original).

*RBR Const., SE v. AC,* 149 DPR 836, 846 (1999).

En lo pertinente al caso que nos ocupa, para que sea de aplicación la excepción relacionada a una cuestión recurrente, deben coexistir tres elementos: (1) probabilidad de que sea recurrente, (2) identidad entre las partes involucradas, y (3) la probabilidad de que el asunto evada la revisión judicial. *Asoc. Fotoperiodistas v. Rivera Shatz*, 180 DPR  920, 934 (2011).

Por otra parte, como corolario a la doctrina de justiciabilidad, es indispensable que los litigantes ostenten legitimación activa. *Hernández, Santa v. Srio. de Hacienda*, supra, págs. 738-739; *P.I.P. v. E.L.A et al,* 186 DPR 1, 11 (2012). Ello consiste en "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 739, citando a *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador*, supra, pág. 69. El propósito principal de evaluar la existencia de la legitimación activa estriba en que los tribunales delimiten su propia jurisdicción, y, por consiguiente, eviten adentrarse en la potestad de otras ramas de gobierno, así como de resolver cuestiones hipotéticas. *Hernández, Santa v. Srio.*

*de Hacienda,* supra, pág. 739, citando a *Hernández Torres v. Hernandez Colón et al,* 131 DPR 593, 598 (1992).

De este modo, la parte que solicita la intervención del foro judicial debe demostrar que cumple con los siguientes requisitos:

> (1) [H]a sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, y no abstracto e hipotético; (3) existe una relación causal razonable entre la acción que se ejercita y el daño alegado, y (4) la causa de acción debe surgir al amparo de la constitución o de alguna ley.

*DACO v. LUMA y otros,* 2025 TSPR 126, 217 DPR __ (2025); *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 739; *Bhatia Gautier v. Gobernador,* supra, pág. 69.

### -III-

Para la recurrente la cuestión principal a resolver es si la Junta quedó válidamente constituida después de una serie de renuncias ocurridas en julio y septiembre de 2024, y si las sustituciones por los demás miembros restantes se hicieron conforme al Reglamento del Condominio. Entiende que DACo incidió al resolver que la controversia era académica por haberse elegido una nueva Junta. En su opinión, la cuestión planteada subsiste "porque la nulidad impugnada es absoluta". Asimismo, alega que cuando lo que se impugna es una nulidad absoluta, la controversia no se extingue por la ocurrencia de los actos posteriores. Señala que la elección de una nueva Junta no sana retroactivamente las actuaciones de un organismo que no estuvo válidamente constituido.

Después de examinar la totalidad del expediente en autos, confirmamos la determinación del foro administrativo, debido a que los eventos posteriores a la presentación de la *Querella* convirtieron la controversia en académica.

Del propio reclamo surge que la señora Carmona Rivera **solicitó la celebración de una Asamblea Extraordinaria para elegir una nueva Junta de Directores.** Ese evento ocurrió el 3 de

junio de 2025, cuando los titulares del Condominio La Arboleda, reunidos en Asamblea Ordinaria Anual, eligieron una nueva Junta. De modo que, la controversia que presentó la recurrente ante DACó se tornó académica. *Díaz Díaz v. Asoc. Res. Quintas San Luis*, supra.

Tampoco podemos concluir en este caso, que estamos ante algunas de las excepciones que dispone nuestro ordenamiento y que permitirían la consideración de la controversia, tales como la recurrencia de la situación, con identidad de partes, o que exista la capacidad de evadir la revisión judicial. Asimismo, la recurrente no nos puso en posición de poder determinar sobre alguna consecuencia colateral importante que afectara sus derechos.

Por tanto, resolvemos que DACo no incidió al desestimar la *Querella* presentada por la señora Carmona Rivera por resultar académica.

**-IV-**

En mérito de lo anterior, confirmamos la *Resolución Sumaria* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones